**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                                 Case No: 11-23152-AJC
                                                                       Chapter 13

ROGER HERNANDEZ
MERCEDES CORCHO

               Debtors            /


**MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY**

**IMPORTANT NOTICE TO CREDITORS:**
**THIS IS A MOTION TO VALUE YOUR COLLATERAL**

**This Motion seeks to value collateral described below securing the claim of the creditor listed below.**

**If you have not filed a proof of claim, you have until the later of the claims bar date or 21 days from the date this Motion was served upon you to file a proof of claim or you will be deemed to have waived the right to payment of any unsecured claim to which you might otherwise be entitled. [See Local Rule 3015-3(A)(4)]**


    1.     Pursuant to 11 U.S.C. §506, Bankruptcy Rule 3012, Local Rule 3015-3, the debtor seeks to value real property securing the claim of Bank of America, N.A. (Loan No.: xxxx6507) (the "Lender").  Lender holds a mortgage recorded at OR Book 25606 Page 1486 in the official records of Miami-Dade County, Florida.

    2.     The real property is located at 5590 West 1st Court, Hialeah, Florida 33012, and is more particularly described as follows:

Lot 1, Block 4, of amended Plat of PALM SPRINGS, as recorded in Plat Book 53, Page 22, et seq., of the Public Records of Miami-Dade County, Florida.

    3.     At the time of the filing of this case, the value of the real property is $189,134.12 as determined by Miami-Dade County Property Appraiser's Office.

    4.     Beneficial Bank (Loan No.: xxxx2432) hold liens on the real property, senior to priority to Lender, securing claims in the aggregate amount of $283,534.12.

5. *(Select only one):*

    __X__   Lender's collateral consists solely of the debtor's principal residence. As there is no equity in the real property after payment in full of the claims secured by liens senior to that of Lender, the value of Lender's secured interest in the real property is $0.

    ____   Lender's collateral is not solely the debtor's principal residence. After payment in full of the claims secured by liens senior to that of Lender, there is equity of $_____ remaining in the real property. Accordingly, the value of Lender's secured interest in the real property is $_____ and the value of the Lender's unsecured, deficiency claim is $_____.

6. The undersigned reviewed the docket and claims register and states (select only one):

    __X__   Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim to the extent provided in paragraph 5, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim as filed.

or

    ____   Lender has filed a proof of claim in this case. It shall be classified as a secured claim to the extent provided in paragraph 5, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim.

7. The subject real property may not be sold or refinanced without proper notice and further order of the court.

**WHEREFORE,** the debtor respectfully requests an order of the Court (a) determining the value of the real property in the amount asserted in this Motion, (b) determining the secured status of the Lender's lien as stated above, (c) determining that any timely filed proof of claim is classified as stated above, (d) if Lender's secured interest in the real property is determined to be $0, deeming Lender's mortgage on the real property void and extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case, and (e) providing such other and further relief as is just.

**NOTICE IS HEREBY GIVEN THAT:**

**1.** In accordance with the rules of this Court, unless an objection is filed with the Court and served upon the debtor, the debtor's attorney, and the trustee at or before the hearing scheduled on this Motion, the value of the collateral may be established at the amount stated above without further notice, hearing or order of the Court. Pursuant to Local Rule 3015-3, timely raised objections will be heard at the hearing scheduled on the Motion.

**2.** The undersigned acknowledges that this Motion and the notice of hearing thereon must be served pursuant to Bankruptcy Rule 7004 and Local Rule 3015-3 at least 21 days prior to the hearing date and that a certificate of service must be filed when the Motion and notice of hearing thereon are served.

CERTIFICATE OF SERVICE *AND COMPLIANCE*
*WITH LOCAL RULES 3015-3(A)(1) AND 9073-1(D)*

I hereby certify that a copy of this Motion and Notice of Hearing and the clerk's "Notice of Chapter 13 Bankruptcy Case" and chapter 13 plan was served pursuant to Bankruptcy Rule 7004 on the chapter 13 trustee and the following affected parties on this 20th day of July 2011.

Nancy Herkert, Trustee
ECF Registered User

Beneficial Mutual Bancorp, Inc.
c/o Gerard Cuddy, President
510 Walnut St., 19th Fl.
Philadelphia, PA 19106

Beneficial Florida, Inc.
CT Corporation System, R.A.
1200 S. Pine Island Road
Plantation, FL 33324

Beneficial Florida, Inc.
HSBC Finance Corporation
c/o Niall Booker, CEO
26525 N Riverwoods Blvd
Mettawa, IL 60045

Bank of America, N.A.
P.O. Box 26012
Greensboro, NC 27410

Bank of America, N.A.
c/o Brian Moynihan, CEO
100 N. Tryon Street
Charlotte, NC 28255

Bank of America Corporation
CT Corporation System, R.A.
1200 South Pine Island Road
Plantation, FL 33324

Bank of America Corporation
Brian T. Moynihan, CEO
401 N Tryon ST, NC1-021-02-20
Charlotte, NC 28255

Submitted By:
/s/ Robert Sanchez
Robert Sanchez, Esq.
Robert Sanchez, P.A.
900 W 49th Street, Ste 500
Hialeah, FL 33012
Tel: (305) 687-8008
Fl Bar No. 0442161